UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS VARGAS-GARCIA,

      Petitioner,

    v.                          Case No.:  2:26-cv-02155-SPC-NPM

DAVID HARDIN *et al.*,

      Respondents,

                               /

## <u>OPINION AND ORDER</u>

Before the Court is Jose Luis Vargas-Garcia's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Vargas-Garcia is a native and citizen of Venezuela who entered the United States on May 2, 2023, and was arrested by U.S. Customs and Border Patrol ("CBP").  Two days later, a CBP agent issued a Notice to Appear and a Notice of Custody Determination, which states that Vargas-Garcia will be released on his own recognizance and under conditions "pending a final administrative determination in [his] case."  (Doc. 1-8).  Since then, Vargas-Garcia has complied with all conditions of release, applied for asylum, and started a family.  He has work authorization, steady employment, and no criminal record.

On April 14, 2026, Immigration and Customs Enforcement ("ICE") arrested Vargas-Garcia during a traffic stop.  He is currently detained at

Glades County Detention Center. The government has not made a new custody determination or conducted a bond hearing. Vargas-Garcia claims his detention violates the Fifth Amendment and the Immigration and Nationality Act. He requests either immediate release or a bond hearing. The respondents concede Vargas-Garcia is entitled to a bond hearing under 8 U.S.C. § 1226(a), but they do not address his due process claim or his request for release.

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026). But a bond hearing—technically called a custody redetermination hearing—is not needed here. DHS already made a custody determination—it found Vargas-Garcia would be released on his own recognizance pending a final administrative determination of his case. Noncitizens unsatisfied with a custody determination may request a custody redetermination hearing. *See* 8 C.F.R. § 236.1(d). But it makes no sense to require Vargas-Garcia to request reconsideration of a favorable initial custody determination. For its part, the government does not claim any official made an unfavorable custody determination after considering Vargas-Garcia's circumstances. Nor does it claim Vargas-Garcia violated any condition of release or identify any other reason why an official might reconsider the initial custody determination.

ICE's detention of Vargas-Garcia is arbitrary and capricious because it is not based on consideration of any facts, and because the government offers

no explanation for the arrest and detention. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (explaining when agency action is considered arbitrary and capricious). His detention thus violates the Fifth Amendment. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). Vargas-Garcia is entitled to immediate release.

Accordingly, it is hereby **ORDERED**:

Jose Luis Vargas-Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)  The respondents shall release Vargas-Garcia within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2)  Within 48 hours or this Order, the respondents shall certify they have released Vargas-Garcia from custody.

(3)  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3